JELLY
v.
STEVENS.

JELLY *v.* STEVENS, Administrator.

The declaration in a suit brought by a foreign administrator, need not, under the R. S. 1843, state that the plaintiff produces and files, &c., a copy of his letters, &c.

The statute requiring the production and filing, &c., by such administrator of a copy of his letters, applies only to the rules of evidence and not to those of pleading.

Suit upon a note payable nine months after date. Averment, that "although said sum of money has been long since due and payable," yet, &c. *Held,* that it sufficiently appeared that nine months had elapsed from the date of the note.

In a suit by an administrator upon a promissory note given to the intestate, a breach in the declaration that the same is wholly due and unpaid, is a sufficient denial of its payment to the intestate.

*Monday,*
*December* 12.

APPEAL from the *Ohio* Circuit Court.

DAVISON, J.—Assumpsit by the appellee against the appellant on two promissory notes, one payable nine months after date, the other in the form of a common due bill. There was a general demurrer to the declaration overruled, and judgment given for the plaintiff below.

Three objections are raised to the declaration:

1. That the appellant, being a foreign administrator, the declaration should have alleged that he had produced and filed in the Court in which the suit was brought, a copy of his letters of administration, duly authenticated, &c. In reference to this point there is a statutory provision which enacts that "a non-resident administrator," &c., "duly appointed in any other state," &c., "may commence and prosecute a suit in any Court of this state in his capacity of administrator", &c.; "and a copy of his letters, duly authenticated," &c., "being produced and filed in the Court in which suit is brought, shall be sufficient evidence of his due appointment." R. S. 1843, c. 30, s. 463. By the declaration, it is alleged that the plaintiff brings into Court the letters, &c., granted to him by the proper Court in the county of *Boone,* in the state of *Kentucky,* &c. But it is contended that this allegation does not meet the requirements of the statute. The declaration is in the

usual form. We think it need not state that the letters of administration were produced and filed, &c. The statute, it seems to us, was intended to affect only the rules of evidence in such cases, and not those of pleading. Had the appellee's appointment as administrator been contested by plea to the action, then the letters would not have been evidence of that fact without being produced and filed in the Court in which the suit was brought. But the act, in our opinion, does not require that such production and filing should appear in the declaration.

Another ground taken in support of the demurrer is, that there is no averment of the period of nine months from the date of the note having elapsed. The averment is in these words—"Although the said sums of money have been long since due and payable," &c. There is nothing in this objection. The allegation is sufficiently direct and certain. The fact that the note was due and payable could not exist unless the period of nine months from its date had passed.

The last objection assumes that the breach is insufficient—that it does not aver non-payment to the intestate in his lifetime. The breach assigned is this, viz., "The said defendant has not, although often requested to do so, paid the said sums of money or any part thereof," &c.; "and the same is wholly due and unpaid," &c. This breach is, no doubt, properly stated. The averment that the note was unpaid, is a sufficient denial of its payment to the intestate.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*D. S. Major* and *A. Brower*, for the appellant.

*J. W. Spencer*, for the appellee.